**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN JAMES KARPINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-018 |
| | ) | Judge Stephanie L. Haines |
| SOMERSET COUNTY JAIL *et al.*, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Partial Motion to Dismiss (ECF No. 32) filed by David Krause and Brian Pelesky, the Deputy Warden, and Warden, respectively, at Somerset County Jail. The Motion seeks to dismiss the Second Amended Complaint (ECF No. 30) filed by Steven James Karpinski ("Plaintiff") as to Krause and Pelesky. Plaintiff's Second Amended Complaint asserts two Eighth Amendment claims against Krause and Pelesky. First, he asserts that he endured frigid temperatures in his cell due to policies of the jail regarding the timing of when heat may be turned on and the prohibition of issuing extra blankets. Second, he asserts that he was prohibited from out-of-cell recreation in the day room while incarcerated at Somerset County Jail, which he alleges was necessary due to a medical condition of his eye. Krause and Pelesky seek to dismiss Plaintiff's claims asserting that Plaintiff did not assert they personally took part in the deprivations or held policy making authority. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On May 28, 2026, Magistrate Judge Kelly filed a Report and Recommendation (ECF No. 39) recommending Krause and Pelesky's Partial Motion to Dismiss (ECF No. 32) be granted.

1

Plaintiff was provided until June 15, 2026, to file Objections.  *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.  He filed Objections to the Report and Recommendation (ECF No. 40) on June 16, 2026.  Though untimely, the Court considers Plaintiff's Objections when reviewing this case.

Krause and Pelesky assert that Plaintiff's allegations lack substance in that he provides nothing more than bald allegations that they knew that he was suffering from the cold and did not take measures to remedy the dangerous situation and that they knew of his medical condition and did not allow for out-of-cell recreation.  Likewise, Krause and Pelesky assert that Plaintiff's allegations that they made policy that implements the complained of deprivations also lacks plausibility.  Magistrate Judge Kelly found that Krause and Pelesky were correct in that Plaintiff failed to assert any affirmative action by these defendants to support his allegations.  ECF No. 39, p. 8.  Even if a policy or custom was in place to withhold heat and blankets, Judge Kelley also found there to be no *Monell* liability.  Judge Kelley stated there was no "plausible nexus" between the alleged policy or custom and the alleged injuries of physical pain, anxiety, mental anguish, and poor sleep.  ECF No. 39, p. 9.

In his Objections (ECF No. 40), Plaintiff argues that he specifically asserted that Pelesky and Krause were aware of his complaints to Somerset County Jail staff and medical staff and failed to intervene and that establishes their "personal involvement."  ECF No. 40, ¶¶ 6-7.  In a civil rights action, the defendant "must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge of acquiescence." *Shiloh v. Does*, No. 4:12-CV-01086, 2017 WL 4778532, at *3 (M.D. Pa. Oct. 23, 2017) *(*quoting *Rode*, 845 F.2d at 1207).

Because Plaintiff has not established Krause and Pelesky's actual knowledge of his alleged deprivations, he cannot establish a failure to intervene.  Plaintiff's informing staff of the issues does not automatically cause Krause and Pelesky to know the issues.  *See Stuart v. Lisiak*, No. 1:14CV-1401, 2015 WL 5286574, at *3 (M.D. Pa. Sept. 10, 2015), *aff'd*, 645 F. App'x 197 (3d Cir. 2016) ("A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct."); *See also Rode,* 845 F.2d at 1207–08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement)).

Plaintiff further asserts that fact-finding of this issue is for the jury.  ECF No. 40, ¶ 9.  A jury is not to go on a fact-finding expedition when no facts in the Second Amended Complaint establish that Krause or Pelesky knew of the conditions and recklessly disregarded a serious risk.  ECF No. 39, p. 13.   Plaintiff has failed to present a plausible argument with sufficient facts and allegations, even given the opportunity to amend his complaint to do so.  Magistrate Judge Kelly correctly determined that Plaintiff has questionably presented constitutional deprivations, but even so, he has not adequately pled deliberate indifference on the part of Krause or Pelesky.  Accordingly, the following order is entered:

**<u>ORDER</u>**

AND NOW, this 24th day of June, 2026, IT IS ORDERED that the Partial Motion to Dismiss (ECF No. 32) is GRANTED.  All claims against Defendants Krause and Pelesky shall be dismissed with prejudice and Krause and Pelesky shall be terminated from the case; and,

3

IT IS FURTHER ORDERED that Magistrate Judge Kelly's Report and Recommendation (ECF No. 39) is adopted as the opinion of the Court; and,

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 40) are overruled; and

IT IS FURTHER ORDERED that the jurisdiction of this case is returned to Magistrate Judge Kelly for further proceedings.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge